# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Matthew Gregg Miller, Respondent.

Appellate Case No. 2024-001651

---

Opinion No. 28276
Submitted March 20, 2025 – Filed April 30, 2025

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr. and Deputy
Disciplinary Counsel Ericka McCants Williams, both of
Columbia, for the Office of Disciplinary Counsel.

Matthew Gregg Miller, of Johns Island, pro se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a definite suspension not to exceed one year.  We accept the
Agreement and suspend Respondent from the practice of law in this state for one
year.  The facts, as set forth in the Agreement, are as follows.

## I.

Respondent was admitted to practice law in 2016, and he has no prior disciplinary
history.  However, on March 3, 2023, Respondent was administratively suspended
for failing to pay his annual license fees.  The Court's suspension order stated:

> These lawyers are warned that any continuation of the practice of law
> in this State after being suspended by this order is the unauthorized
> practice of law and will subject them to disciplinary action under Rule

413, SCACR, and could result in a finding of criminal or civil contempt by this Court.

*In re Admin. Suspensions for Failure to Pay License Fees*, S.C. Sup. Ct. Order dated Mar. 3, 2023. Respondent has not sought or been granted reinstatement from administrative suspension at any point.[1]

On June 20, 2023, Respondent appeared as counsel before the James Island Magistrates Court to represent two individuals in a traffic court matter. The court's case management system reflected that Respondent was not eligible to practice law.

The magistrate invited Respondent into chambers and showed Respondent the written communication from South Carolina Court Administration reflecting Respondent's inability to practice law. In response, Respondent indicated that the information was incorrect, and Respondent told the magistrate that he had been reinstated months ago. Respondent also told the magistrate he had an order of reinstatement at his office.

The magistrate accepted Respondent's word that Respondent had been reinstated and allowed Respondent to represent the two individuals on their traffic tickets. After the hearing, the magistrate instructed his clerk to contact Respondent by telephone and direct Respondent to fax his letter of reinstatement to the court by close of business that day, June 20, 2023.

After several unsuccessful attempts to contact Respondent, the court issued an order requiring Respondent's appearance on June 28, 2023. Respondent appeared as ordered, and at the hearing, Respondent admitted to the magistrate that his license was suspended at the time of his appearance on June 20, 2023, and that he lied to the court about having an order of reinstatement.

The court also asked Respondent whether he had appeared before any other courts during his suspension. Respondent initially denied any appearances, but when questioned about his appearance before another magistrate in April 2023,

---

[1] He was later administratively suspended again on May 1, 2024, for failing to comply with annual CLE requirements. *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated May 1, 2024.

Respondent admitted the appearance and stated that he had forgotten. As a result of Respondent's dishonesty, the magistrate held Respondent in contempt of court.

## II.

Respondent admits his conduct in practicing law while suspended and in being dishonest with the magistrate violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3(a) (prohibiting knowingly made false statements of fact or law to a tribunal); Rule 5.5(a) (prohibiting the practice of law in violation of the regulation of the legal profession); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

Respondent also admits his misconduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); Rule 7(a)(5) (providing conduct demonstrating an unfitness to practice law is a ground for discipline); and Rule 7(a)(7) (conduct in willful violation of a valid court order is a ground for discipline).

In the Agreement, Respondent admits misconduct, agrees to a definite suspension not to exceed one year, agrees to pay costs, and agrees to complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement.

## III.

An attorney's obligation to tell the truth is fundamental to the ethical practice of law, and a failure to be truthful undermines both the proceeding at hand and public confidence in the overall administration of justice in South Carolina. Accordingly, this Court views acts of dishonesty with the utmost scrutiny and disfavor. In light of Respondent's absence from the practice of law since March 3, 2023, we find a one-year definite suspension from today's date will suffice as an adequate sanction for Respondent's serious misconduct.[2] Accordingly, we accept the Agreement and suspend Respondent from the practice of law in this state for one year from today's date.

---

[2] Had Respondent not been already administratively suspended for over two years, it is likely the outcome of this case would be different.

Within fifteen days, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.  Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.  As a condition of discipline, Respondent shall complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**